UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEE RIVAS, as personal representative of the
ESTATE Of JOSE ANTONIO GUTIERREZ, deceased,
NOHELIA MARQUEZ GUTIERREZ,
Individually, and as wife of JOSE ANTONIO GUTIERREZ
and as Mother of MARIA JOSE GUTIERREZ, a minor,
JOSE ANTONIO GUTIERREZ and
ELBIA JOSEFINA RAMOS Individually,
and as parents of JOSE ANTONIO GUTIERREZ,

CASE NO.:
8:02-CV-676-T-17EAJ

    Plaintiffs,

v.

FORD MOTOR COMPANY,
A Foreign Corporation;

    Defendants.
_____/

## COMPLAINT

Plaintiffs, LEE RIVAS as Personal Representative of the Estate of JOSE ANTONIO GUTIERREZ, NOHELIA MARQUEZ GUTIERREZ individually and as the mother of MARIA JOSE GUTIERREZ, a minor, and JOSE ANTONIO GUTIERREZ and ELBIA JOSEFINA RAMOS, Individually, and as Parents of JOSE ANTONIO GUTIERREZ, deceased and by and through their undersigned attorneys, and sue the Defendants, FORD MOTOR COMPANY (hereinafter "FORD") a foreign corporation, and alleges as follows:

### GENERAL ALLEGATIONS

1. The amount in controversy in this action, exclusive of interest, costs and attorney's fees exceeds seventy-five thousand dollars ($75,000.00). This court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and §1332.

2. This is an action for the wrongful death of the decedent, JOSE ANTONIO GUTIERREZ, brought pursuant to the provisions of Fla. Stat. § 768.16 et. seq., the "Florida Wrongful Death Act." On May 12, 2001, the Plaintiff, JOSE ANTONIO GUTIERREZ, died as a result of injuries sustained because of the negligence of the Defendant as more fully alleged herein.

3. LEE RIVAS has been duly appointed and is the acting Personal Representative of the ESTATE OF JOSE ANTONIO GUTIERREZ.

4. Pursuant to the provisions of Fla. Stat. § 768.20, this action is brought by the decedent's Personal Representative for the benefit of the decedent's estate and the decedent's "survivors," as defined by Fla. Stat. § 768.18. The decedent, JOSE ANTONIO GUTIERREZ, is survived by his wife, NOHELIA MARQUEZ GUTIERREZ and by one child: MARIA JOSE GUTIERREZ. As a direct and proximate result of the negligence of the Defendants, the decedent, JOSE ANTONIO GUTIERREZ died on May 12, 2000. The decedent's "survivors" have sustained the following losses:

    a. NOHELIA MARQUEZ GUTIERREZ lost the value of her husband's support and services from the date of his date to the date of her death. In addition, NOHELIA MARQUEZ GUTIERREZ has lost her husband's companionship, instruction, guidance, and has been caused to suffer from the date of her husband's death: mental pain and suffering and will be caused to continue such mental pain and suffering for the remainder of her life.

    b. MARIA JOSE GUTIERREZ lost the value of her father's support and services from the date of his date to the date of his majority. In addition, MARIA JOSE GUTIERREZ has lost her father's parental companionship, instruction, guidance, and has been caused to suffer from the date of her father's death mental pain and suffering and will be caused to continue such mental pain and suffering for the remainder of his life.

    c. JOSE ANTONIO GUTIERREZ and ELBIA JOSEFINA RAMOS lost the value of their son's support and services from the date of his date to the date of his majority. In addition, JOSE ANTONIO GUTIERREZ and ELBIA JOSEFINA RAMOS has lost their son's companionship, instruction, guidance, and has been

      caused to suffer from the date of their son's death mental pain and suffering and will be caused to continue such mental pain and suffering for the remainder of their life.

5. NOHELIA MARQUEZ GUTIERREZ and JOSE ANTONIO GUTIERREZ are the parents of MARIA JOSE GUTIERREZ. Plaintiffs reside in Venezuela.

6. JOSE ANTONIO GUTIERREZ and ELBIA JOSEFINA RAMOS are the natural parents of decedent, JOSE ANTONIO GUTIERREZ. These Plaintiffs reside in Venezuela.

7. At all times material hereto and at the time of the incident complained of, Plaintiffs were residents of Venezuela, and the deceased Plaintiff was the driver of the Ford Explorer, VIN # 8XDZU18TBY8-A27627.

8. FORD is a Delaware Corporation that is authorized to and doing business in Venezuela.

9. FORD designed, developed, tested, manufactured and/or distributed the vehicle that is subject of this Complaint.

10. On or about May 12, 2001, the decedent, JOSE ANTONIO GUTIERREZ, was a restrained driver of the above-described vehicle traveling on National Road Santa Maria Del Socorro, in Venezuela. At said time and place, this was an incursion into the lane of travel in which Plaintiff's vehicle was traveling which required the plaintiff's vehicle to maneuver. As a result of that maneuver, Plaintiff's vehicle lost contact with the roadway surface causing the Plaintiff to lose control of the vehicle and eventually roll over.

11. On the above-stated date and time, the subject 2000 Ford Explorer was in its defective condition and without substantial change in the condition in which it was manufactured assembled and sold.

12. Despite the best efforts of decedent, JOSE ANTONIO GUTIERREZ, and without fault or negligence on the part of the Plaintiffs, the aforementioned crash was caused as a result of the

negligent design and condition of the subject vehicle.

13. As a result of the aforementioned crash, JOSE ANTONIO GUTIERREZ was fatally injured.

14. FORD engaged in the business of constructing and selling vehicles and introducing them into the stream of commerce.

15. At the time of the accident, FORD knew that Ford Explorers of the type and model year of the plaintiffs herein, were subject to loss of control of the rear end of the vehicles, especially during maneuvers such as lane changes, when a vehicle experiences a tire deflation or traversing a pothole and/or a change in elevation of the road surface.

16. Prior to the accident in question, FORD engineers discovered that the lack of stiffness in the Shock Absorber assembly and suspension assembly included in the 2000 Ford Explorers led to or contributed to roll over accidents that were killing people. FORD knew through its engineers' research that its vehicle lost gripping with the road surface even in situations where there was no delamination of a tire.

17. KEN MARKS n/k/a FREEDOM is in the business of purchasing and selling vehicles, including the 2000 Ford Explorer that is subject of this suit.

18. The defect in the design, manufacture, marketing and sale of the Ford Explorer in question was present in the Ford Explorer when Ford placed the Ford Explorer vehicles equipped with the suspension in question into the stream of commerce and was a proximate cause of the death, and damages of Plaintiffs. Furthermore, FORD knew or should have known of the potential harm to a user presented by the nature of this product in that it received information regarding the instability of the Ford Explorer and did nothing to correct the problem or warn the plaintiff.

19. JOSE ANTONIO GUTIERREZ suffered conscious physical pain and mental anguish

before his death. The ESTATE OF JOSE ANTONIO GUTIERREZ is entitled to compensation for damages sustained by JOSE ANTONIO GUTIERREZ in the nature of his conscious physical pain and mental anguish suffered before his death as a result of the occurrence in question.

20. The ESTATE OF JOSE ANTONIO GUTIERREZ is entitled to compensation for damages in the nature of the reasonable costs of necessary medical care received by JOSE ANTONIO GUTIERREZ for treatment of the fatal injuries sustained by him as a result of the occurrence in question.

21. JOSE ANTONIO GUTIERREZ was buried in a manner reasonably suited to their station in life. The ESTATE OF JOSE ANTONIO GUTIERREZ is entitled to compensation for damages in the nature of the reasonable amount of expenses for the funeral and burial of JOSE ANTONIO GUTIERREZ in a manner reasonably suited to their station in life.

22. Plaintiffs' causes of action are based in part upon negligence and strict liability. Plaintiffs would show that the defective condition of the vehicle in question rendered it unreasonably dangerous or unfit and furthermore, that FORD was a proximate cause of the crash, death and serious injuries in question and Plaintiffs' resulting damages.

23. As a direct and proximate result of the instability of the vehicle and the vehicle's subsequent roll over, JOSE ANTONIO GUTIERREZ was killed. Plaintiffs are entitled to damages and compensation for such death and consequences thereof.

## COUNT I

### (STRICT LIABILITY AS TO FORD)

24. Plaintiffs re-allege and incorporate the above paragraphs 1 through 23, as though fully set forth herein.

25. Prior to said date, FORD knew or should have known that the suspension system equipped in its 2000 Ford Explorers was defective and was contributing to or causing its vehicles to lose control and roll over.

26. FORD tested its suspension system and shock absorbers and determined them to be inadequate as early as April 1999, and failed to warn the Plaintiffs of the inadequacies of the suspension.

27. By November 1999, FORD had developed a Dealer Notification Program (DNP) strengthening the rear #5 assemblies and providing heavy-duty shock absorbers to its customers. Although reduced to writing and known to the highest officials of FORD in its home offices, officials refused to warn United States customers of the tendency of the Explorers to roll over during sudden lane changes, loss of tire inflation or when traversing potholes at speeds in excess of 60 mph.

28. Plaintiffs did not alter or change the vehicle.

29. That as a direct result of the negligent design and manufacturing of the vehicle in question, was unable to control or rectify the loss of control of his vehicle after the initial maneuver of his vehicle.

30. As a direct and proximate result of said Defendant's conduct, FORD is strictly liable to the Plaintiffs.

31. As a direct and proximate result of the Defendant's conduct as aforementioned, Plaintiffs have suffered pain and suffering, mental anguish, loss of capacity for the enjoyment of life, incurred medical, loss of earnings, and have incurred costs and expenses in maintaining this cause of action.

32. The surviving natural persons lost the support and services of the decedent from the date of his injuries and death with interest and future loss of support and services, the amount of the

decedent's probable net income and replacement value of decedent's services, loss of decedent's companionship, mental pain and suffering, and medical expenses due to the decedent's injuries and death.

33. The decedent's estate lost prospective net accumulations of the decedent's estate and future medical and funeral expenses due to the decedent's injuries and death.

**WHEREFORE**, Plaintiffs demand judgment against FORD for compensatory damages, interest, costs and such further relief as is deemed proper by this Court.

### COUNT III

**(Negligence as to Defendant FORD)**

34. Plaintiff re-alleges and incorporates the above paragraphs 1 through 23.

35. Defendant FORD, as the manufacturer of the subject vehicle, was under a duty to exercise ordinary care in the design of its product used by the Plaintiff to reduce injuries from use of such products.

36. Defendant FORD designed the subject vehicle in such a manner as to create a danger that was unknown to the Plaintiff, or any other user, under ordinary use and normal function of the subject vehicle.

37. Defendant FORD breached its duty of reasonable care owed to Plaintiff by one or more but not limited to the following:

   a. By placing a vehicle into the stream of commerce with a high center of gravity which was already known to be unstable and highly prone to rollover;

   b. Knowingly placing a vehicle into the stream of commerce which had failed or performed poorly in Ford's own vehicle stability testing;

   c. Failing to implement a safer more stable suspension system when other safer more stable and technologically feasible suspension systems were available and their use on the subject vehicle would have been a safer alternative design which would have significantly reduced the risk to Plaintiff without substantially

impairing the utility of the vehicle.

d. Placing into the stream of commerce a vehicle which Ford knew was inherently unstable for its intended purpose;

e. Negligently warned or failed to warn Plaintiff of defects in the vehicle which Defendant FORD either knew or should have known existed.

38. As a result of the defects of the subject vehicle, and defendants' breach of the duty owed to Plaintiffs, Plaintiffs have incurred damages as alleged above.

**WHEREFORE**, Plaintiff demands judgment for damages against the Defendant FORD, together with interest, costs and such further relief as is deemed proper by this court.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby request a trial by jury on all issues triable by right by jury.

**DATED** this the 18th day of April, 2002.

Respectfully submitted,

_____
**OMAR F. MEDINA, ESQUIRE**
**Florida Bar No.: 0789860**
**LAW OFFICES OF OMAR F. MEDINA, P.A.**
505 South Magnolia Avenue
Tampa, Florida  33606
Telephone:  813-258-5838
Facsimile:  813-258-2988
**ATTORNEY FOR PLAINTIFFS**